CHAMBERLAIN v. FOBES *et al.*, appellants.

*Contract — failure to perform. Set-off.*

In an action by L. to recover for sawing logs for defendants, the complaint alleged that plaintiff and one B. sawed the logs at the request of defendants, and that B. had transferred all his interest in the demand to plaintiff. It appeared that before the logs were sawed, a written contract for the sawing of the same was entered into, signed by the defendants of the one part, and by plaintiff of the other part, in the name of "L. & Co.", whereby it was understood by the parties that the term "Co." meant B. It also appeared that B. was engaged in running and managing the saw-mill, and by an agreement between him and plaintiff, he had the right to take a fixed salary for his services or share in the profits. It appeared further, that before the contract was entirely completed, B. refused to saw any more logs. *Held,* that plaintiff was bound by the refusal of B., and the contract could not be renewed without mutual consent of all the parties; and that defendants had a right to set off such damages as they sustained by reason of the violation of the contract.

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiff, Calvin T. Chamberlain. The action was brought by Chamberlain against the defendants, George N. and Milton B. Fobes, to recover for sawing logs upon a contract. The defendants set forth a violation of the contract of sawing, and claimed damages as a set-off. The facts appear in the opinion.

*D. H. Bolles,* for appellant.

*Angel & Jones,* for respondent.

E. DARWIN SMITH, J. The plaintiff's right of action clearly depends upon the question whether the finding of the referee that the refusal of Burlingame to proceed with the sawing of the defendants' logs as required by them under the contract, was not authorized and did not amount to a breach or violation of the contract on the part of the plaintiff, or C. T. Chamberlain & Co., was or was not correct. It seems to me, whether such finding be regarded as a finding of fact or of law, that upon the undisputed facts of the case it is erroneous.

The complaint alleges that the plaintiff and one Anson D. Burlingame sawed for the defendants in and during the year 1866 at their request, at his mill in the town of Eldred, McKean county, Pennsylvania, a large quantity of lumber and timber, and that be-

fore the commencement of this suit the said Burlingame sold and transferred all his interest in said demand to the plaintiff for a valuable consideration. The contract is thus averred to have been made by the defendants with the plaintiff and the said Burlingame. The bargain it appears was made in fact between the defendants and the said Burlingame, but the written contract was signed by the plaintiff by the name and style of C. T. Chamberlain & Co., and stated upon its face that the agreement was made by C. T. Chamberlain & Co. of one part, and by the defendants of the other part. And it appeared also by admission on the trial that the word "Co." meant the said Burlingame, and was so understood by the parties.

The defendants therefore had a right to consider said Burlingame as one of the parties interested in said contract; he was in fact running the mill where the sawing was to be done, was in possession of it, and had personal control and management of the business of said mill. When, therefore, he refused peremptorily to saw at said mill under said contract any more of the defendants' logs unless they would bring to said mill their short as well as their long logs, and suspended the sawing of such logs for the space of about two weeks, as the referee finds, he did in fact violate the said contract with the defendants on the part of the plaintiff and himself, and did virtually rescind and put an end to said contract. This, I think, would be so, whether he be regarded at that time as an actual or provisional partner of the plaintiff, or his acting business managing agent in the charge of said mill. *Dillon* v. *Anderson*, 43 N. Y. 238.

The plaintiff could only recover according to the allegations of his complaint. The right which Burlingame had to elect to take a salary of $600 in lieu of a partnership interest in the business was not exercised till the next fall. Until he made such election I think he should be deemed a partner as respects third persons, and particularly where, as in this case, both he and the plaintiff held him out as such partner and the defendants had dealt with them accordingly. After the contract was thus rescinded by the act of Burlingame it was at an end and could only be revived by the mutual consent of both parties. The defendants, therefore, had a right to recover such damages as they sustained by reason of such violation of said contract, if any, over and above the benefits received by them under the same.

The judgment should therefore be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*